UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MILLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ALEIDA MARTINEZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:12-cv-01610-LRH-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

This matter is before the court on Plaintiff John Miller's Application to Proceed In Forma Pauperis (Dkt. #1).  This proceeding was referred to this court by Local Rule IB 1-9.

**I.    In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The complaint attempts to state a claim for breach of contract. Plaintiff alleges he is an artist and that he loaned fifteen paintings to an elderly woman to have in her home until she moved out. He alleges that on July 5, 2012, Defendant Aleida Martinez removed all fifteen paintings and disposed of them. Additionally, Plaintiff contends Defendant Elena Paredes acted as a co-conspirator in the theft of the paintings because she was a "care giver to an eighty-one year old woman where the paintings were to be secured." Complaint at 1. Plaintiff seeks damages in the amount of $15,000.00 for Defendants' breach of contract.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff has not alleged federal jurisdiction exists in this case. Plaintiff's claims against Defendants are contractual claims arising under state law, and no federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists. Plaintiff has also not alleged the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he has not alleged that the parties are citizens of different states and that the damages in this case exceed the jurisdictional minimum of $75,000. To the contrary, he alleges damages of $15,000, well below the court's diversity jurisdictional limits. Additionally, if the Plaintiff and Defendants are

citizens of Nevada as the complaint seems to suggest, there is no federal diversity jurisdiction. Thus, Plaintiff's complaint will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability and support each claim with factual allegations about each Defendant's actions. Plaintiff must also plead the basis of this court's jurisdiction over the parties and the subject matter of this lawsuit. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the complaint.

4. Plaintiff's complaint is DISMISSED with leave to amend.

5. Plaintiff shall have until **March 26, 2013,** to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in

|||
|---|---|
|  | the amended complaint will no longer be before the court. |
| 6. | Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-01610-LRH-PAL** above the words "FIRST AMENDED"in the space for "Case No." |
| 7. | Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed. |

Dated this 26th day of February, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE